UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CCJ individually,<br>MCJ a minor,<br>by and through her guardian,<br>KCJ | )<br>)<br>)<br>)<br>)    **JURY TRIAL DEMANDED**<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )    Case No. _____<br>)<br>) |
| THE BOARD OF EDUCATION<br>OF THE CITY OF ST. LOUIS;<br>KELVIN ADAMS, Ph.D.,<br>Superintendent, St. Louis<br>Public School, District,<br>in his official capacity; | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THOMAS CASON, Principal,<br>Soldan High School,<br>in his official capacity; | )<br>)<br>)<br>) |
| BETTY SHACKLEFORD, Director,<br>Innovative Pathways,<br>in her official capacity, | )<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT

Plaintiffs, by and through their attorneys, state and allege the following in support

of their Complaint:

## INTRODUCTORY SUMMARY

1.    The defendant Board of Education of the City of St. Louis (the "District")

has deprived plaintiffs CCJ and MCJ of substantial educational instruction based upon

alleged misconduct without providing plaintiffs due process of law.

2. On or about September 18, 2009, the defendant District summarily suspended CCJ and MCJ from Soldan International Studies High School ("Soldan") for a 10-day period without notice or hearing and then unilaterally transferred them, without hearing or an opportunity to be heard, for an indefinite period to the ACE Program at Gateway ("ACE") – a substandard educational alternative placement. There, CCJ and MCJ receive only 3 hours of schooling a day via computer programs and are denied essential components of their guaranteed Missouri Public education.

3. The defendants took the aforesaid action without giving plaintiffs notice of the charges against them, a full and fair opportunity to be heard and without substantial evidence to support the disciplinary action.

4. Plaintiffs CCJ and MCJ and MCJ's guardian KCJ, seek declaratory relief that the defendants have violated CCJ and MCJ's due process rights and injunctive relief compelling, inter alia, the District to return CCJ and MCJ to Soldan. Plaintiffs also seek damages for the harm caused by the defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367. Declaratory and Injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

6. Plaintiffs' claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

7.      Venue is proper here pursuant to 28 U.S.C. § 1391 (b) because the events giving rise to Plaintiffs' claims occurred in St. Louis, Missouri, which is within the Eastern District of Missouri, Eastern Division.

## THE PARTIES

8.      Plaintiff CCJ, age 18, is a United States citizen and resides in the City of St. Louis, State of Missouri.

9.      Plaintiff MCJ, age 16, is a United States citizen and resides in the City of St. Louis, State of Missouri.

10.     Plaintiff KCJ is the mother of CCJ and MCJ, the guardian of MCJ, and resides in the City of St. Louis, State of Missouri.

11.     The defendant District is a school district organized and existing under the laws of the State of Missouri, with its offices and principal place of business at 801 North 11th Street, St. Louis, MO  63101.

12.     At all times relevant hereto, Kelvin Adams, Ph.D., ("Superintendent Adams") was the Superintendent of the District, an employee and agent of the District acting within the course and scope of his agency authority.   Defendant Adams is sued in his official capacity.

13.     At all times relevant hereto, Thomas Cason ("Principal Cason") was the Principal of Soldan International Studies High School, its chief officer, and an employee and agent of the District acting within the course and scope of his agency authority. Defendant Cason is being sued in his official capacity.

14.     At all times relevant hereto, Betty Shackleford ("Shackleford") was the Director of Innovative Pathways, an administrative arm and agency of the District.  At all

times relevant hereto, Ms. Shackleford was an agent of Superintendent Adams and an employee and agent of the District acting within the course and scope of her agency authority. Defendant Shackleford is being sued in her official capacity.

## STATEMENT OF FACTS

15.     On or about September 17, 2009, CCJ and MCJ were summarily suspended from Soldan by Principal Thomas Cason.

16.     Prior to her unlawful suspension from Soldan and referral to ACE described below, Plaintiff CCJ was a twelfth (12th) grade high school student at Soldan where she first enrolled as a freshman in 2006.

17.     Prior to her unlawful suspension from Soldan and referral to ACE described below, Plaintiff MCJ was an eleventh (11th) grade high school student at Soldan where she first enrolled as a freshman in 2007.

18.     On or about September 18, 2009, defendant District provided plaintiffs CCJ and MCJ with a "Suspension Notice" informing them that they had been suspended from school for ten days from "9-18-09 to 10-1-09." Each notice contained a conclusory reason for the suspension. CCJ's notice described the reason as "Assault with intent of doing bodily harm, profanity, total school disruption." MCJ's notice described the reasons for her suspension as "obstruction of justice" and "other various serious misconduct."

19.     The notices further informed the girls that "[a]dditional days recommended will be determined by the Superintendent designee."

20.     Plaintiffs were told the school would not provide them with a suspension hearing or any other opportunity to be heard regarding their out-of-school suspension.

Rather, they were instructed to await further word from Betty Shackleford, Director of the District's Innovative Pathways program.

21.     On September 24, 2009, Ms. Shackleford mailed a letter to KCJ advising her that MCJ had received a ten day suspension on September 18, 2009 "with a recommendation of expulsion from Soldan High School for an alleged Type I Offense (obstruction of justice) as described in the '2009-2010 Student Code of Conduct Handbook.'" KCJ was notified that a meeting had been scheduled for October 1, 2009 to discuss the matter "[i]n an effort to provide the best educational services and prevent expulsion."

22.     Neither KCJ nor CCJ ever received a letter regarding a similar meeting for CCJ. Rather, KCJ received a letter addressed to the parent or guardian of another student also suspended at Soldan on September 17.

23.     KCJ asked that the October 1, 2009, meeting be rescheduled to permit KCJ to retain counsel for her daughters; the meeting was postponed until October 6, 2009. Someone at Innovative Pathways informed KCJ that a meeting to discuss CCJ could also be held on October 6, 2009.

24.     On October 6, 2009, Ms. Shackleford met separately with CCJ and MCJ in her office, along with each plaintiff's respective attorney and KCJ. During those meetings plaintiffs were informed that the District had decided to indefinitely exclude the plaintiffs from Soldan. No evidence was presented by the District or its representatives in support of this decision, no hearing was conducted and no record was made of the proceedings.

5

25.     Plaintiffs' requests for notice of the exact allegations against them, opportunity to be heard following proper notice, a recorded hearing and due process of law were ignored by Ms. Shackleford.  Ms. Shackleford informed the plaintiffs that they would receive word at a later date about a referral to an alternative educational placement.

26.     On October 7, 2009 Ms. Shackleford informed plaintiffs by mail that she had "reviewed all of the evidence submitted to [her], concerning the proposed expulsion" and decided that "[a]lthough the conduct described is sufficiently serious to warrant expulsion" she instead would "invoke an expulsion intervention procedure and recommend that [plaintiffs] remain on probation at an alternative site pending the decision of the discipline review."

27.     To date, Plaintiffs have received no explanation of the "discipline review" that Ms. Shackleford described in her October 7, 2009 letter, nor have Plaintiffs received any notice from the District regarding a "disciplinary review" regarding this matter.  Their request for a hearing has been denied.

28.     As part of their disciplinary probation, the girls were referred, over objection, to the District's ACE program.

29.     Upon information and belief, the District contracts with ACE Learning Centers, Inc., a Missouri Corporation, for the provision of alternative educational services to District students.

30.     At Soldan, plaintiffs CCJ and MCJ received approximately thirty (30) hours of educational instruction per week (or six (6) hours each weekday) in their scheduled classes.   They received daily instruction from teachers in an interactive learning

6

environment between plaintiffs, their teachers and their peers. Plaintiffs could select from a wide variety of courses to satisfy Missouri high school graduation requirements and had the opportunity to take advanced placement classes and college preparatory classes. Soldan also offered specialty programs including field trips, clubs, sports and activities.

31.     At ACE, plaintiffs receive approximately 15 hours of educational instruction per week (or three (3) hours daily each weekday). Instead of a classroom, plaintiffs CCJ and MCJ education is "self guided" through a computer program offering basic courses. CCJ and MCJ's session begins at 7AM and ends at 10:00AM.

32.     Plaintiffs have one formal conference with their teacher each week and that is primarily to receive their computer assignments for the coming week. Beyond this, there is little interaction between "teachers" and Plaintiffs.

33.     Plaintiffs and the other ACE students spend the majority of their day on a computer completing applications and then taking multiple choice tests on each application. Some of the applications are not challenging and below the plaintiffs' grade level. Other applications, do not adequately measure proficiency due to the manner in which plaintiffs and other ACE students are tested.

34.     In order to advance to the next application, ACE students must receive a score above 80% on most computer application tests that consist of 5 multiple choice questions. If the student scores lower than 80%, he or she can re-take the test multiple times with the same five multiple choice questions.

7

35. MCJ and CCJ have had difficulty with ACE's online Chemistry course. Yet there does not appear to be a teacher at ACE who has specialized knowledge in this teaching area. And a chemistry lab is not part of the course.

36. CCJ, MCJ and the other ACE students do not receive homework. Further, they do not have textbooks. When CCJ and MCJ have asked to print out materials they are studying on the computer, their requests have been denied.

37. ACE does not offer advance placement classes or college preparation classes, and on information and belief, does not offer comparable electives to those offered at Soldan.

38. For CCJ and MCJ, the school day ends by 10:00AM. Like other ACE students, CCJ and MCJ are required to self-report "additional [work] hours" to make up 15 hours a week of instruction not provided by ACE. MCJ satisfies her "additional hours" by watching her nephew, unpaid, during the day.

39. Upon information and belief, the District saves at least Five Thousand Dollars ($5,000) for each student it sends to ACE from a District school.

40. Plaintiffs CCJ and MCJ are at risk of imminent harm and risk irreparable injury unless they are returned to Soldan.

41. Plaintiffs have inadequate remedies at law.

## COUNT ONE
## Violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983

42. Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

8

43. Plaintiffs have a property interest in education by virtue of Mo. Rev. Stat. §§160.051 and 167.031 and Mo. Const. Art. IX. Plaintiffs have a liberty interest in education by virtue of the Fourteenth Amendment to the United States Constitution.

44. The above described conduct of Defendants, who operated within the scope of their employment under color of state law, as well as the policies, customs, and habits of the defendant District, violated rights secured to the Plaintiffs' pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution which is actionable pursuant to 42 U.S.C. § 1983.

45. Defendants have unlawfully excluded Plaintiffs from Soldan for an indefinite period of time for alleged misconduct without timely and proper notice of their supposed wrongdoing, an opportunity to be heard regarding the allegations, the ability to confront the evidence against them, or any other form of hearing as required by law.

46. Defendants actions have resulted in the Plaintiffs being placed in a substandard alternative education setting intended for problem children and have denied Plaintiffs of both their property and liberty interests relating to their education without procedural due process of law.

47. Defendants refusal to provide Plaintiffs notice of the exact allegations against them, refusal to provide Plaintiffs an opportunity to be heard following proper notice and failure to afford Plaintiffs a hearing and due process of law has violated Plaintiffs' rights under the 14th Amendment to the United States Constitution which is actionable pursuant to 42 U.S.C. §1983.

48. As a direct and proximate result of the defendants' acts and omissions, plaintiffs CCJ and MCJ have suffered emotional distress, damage to their reputation

and other damages in an amount that is presently undetermined but believed to be in excess of $50,000 cumulatively.

## COUNT TWO
## Violation of the Missouri Administrative Procedure Act - § 536.150 RSMo.

49.    Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

50.    By summarily suspending and excluding plaintiffs' CCJ and MCJ from Soldan, and then transferring them over their objection to ACE for an indefinite period without substantial evidence to support the disciplinary action and without notifying CCJ and MCJ of the charges against them and affording them a full and fair opportunity to be heard concerning the allegations, defendants have abused their discretion, acted arbitrarily, capriciously and not in accordance with the law, without observance of procedure required by law, short of statutory right, and contrary to constitutional rights in violation of plaintiffs' rights under Missouri Administrative Procedure Act § 536.150 RSMo.

## RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1.    Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that: the actions of Defendants in suspending and excluding plaintiffs CCJ and MCJ from Soldan High School and subsequently moving CCJ and MCJ for disciplinary reasons to the District's ACE program for an indefinite time period without substantial evidence to support said disciplinary action and without giving CCJ and MCJ notice of the charges against them and a full and fair opportunity to be heard violated CCJ and MCJ's rights under the 14th Amendment of the United States Constitution.;

10

2.    Enter a temporary restraining order, preliminary injunction and permanent injunction pursuant to Rule 65, Federal Rules of Civil Procedure:

a.    enjoining Defendants to immediately return CCJ and MCJ to Soldan High School;

b.    enjoining Defendants from enforcing its policy of suspending students and making alternative educational placements to ACE or other alternative educational institutions without substantial evidence to support said disciplinary action and without affording said students notice of the charges against them, and, if they knowingly choose, a full and fair opportunity to be heard;

c.    enjoining Defendants to immediately expunge all mention of the alleged misconduct and charges, subsequent suspensions and probation from plaintiffs' records.

d.    enjoining Defendants to restore all of the rights and privileges for Plaintiffs associated with being a student in good standing within the District.

3.    Award plaintiffs actual damages in such amount as may be proven at trial (but believed to be in excess of $50,000, cumulatively) including necessary compensatory educational services for lost educational time and benefits due to plaintiffs' exclusion from Soldan High School.

4.    Award plaintiffs their courts costs and reasonable attorneys; and

5.    Grant plaintiffs such other and further relief as may be necessary and proper.

11

Respectfully submitted,

WASHINGTON UNIVERSITY SCHOOL OF LAW
CIVIL JUSTICE CLINIC

By    /s/ Mae C. Quinn_____
      Mae C. Quinn  ED #_____
      Professor of Law
      One Brookings Drive, Box 1120
      St. Louis, MO 63130
      314-935-7238
      FAX 314-935-5171
      mquinn@wulaw.wustl.edu

ATTORNEY FOR CCJ


LEGAL SERVICES OF EASTERN MISSOURI, INC.

By    /s/ Daniel E. Claggett_____
      Daniel E. Claggett  ED# 2821
      Daniel E. Underwood  ED# 538330
      4232 Forest Park Ave
      St. Louis, MO 63108
      314 -534-4200
      FAX 314-534-1028
      declaggett@lsem.org
      deunderwood@lsem.org

ATTORNEYS FOR MCJ AND KCJ

12